THE PEOPLE, RESPONDENT, v. MENÉNDEZ, APPELLANT.

APPEAL from the District Court of Arecibo.

No. 596.—Decided April 16, 1913.

CRIMINAL LAW—ELECTORS—RESIDENCE.—A rural teacher who lives in a town in
a rented house in which his mother and sisters also live and where he
keeps his trunk and clothes, does not lose his residence merely because he
goes to teach five days in the week in a rural school situated in another dis-
trict, returning to his house Friday nights and remaining there until Monday,
but continues to be an elector in the district in which he lives.
ID.—ELECTION LAW.—The provisions of section 16 of the Election Law approved
March 8, 1906, are not applicable to this case.

The facts are stated in the opinion.
*Mr. Antonio Trujillo* for appellant.
*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case was begun before the Municipal Court of Manatí
on a complaint sworn to on April 19, 1912, accusing Rafael
Menéndez Olmo of an infraction of article 162 of the Penal
Code, the same being a misdemeanor. It is alleged that the
defendant, early in July, 1912, in the electoral precinct of
Manatí, voluntarily and knowingly caused himself to be in-
scribed as an elector in the registry of voters, when he knew
that he had no right so to do because he did not live in the
said election district during a year prior to November 5, 1912,
but that he was discharging his daily duties in the precinct of
Ciales. Being convicted in the municipal court, he appealed
to the District Court of Arecibo, which tried the case on the
6th of December last; and, after examining and considering
the evidence introduced and sections 15 and 16 of the law in
regard to the registration of voters, declared the said accused,
Rafael Menéndez Olmo, guilty of the offense prohibited in
article 162 of the Penal Code, and condemned him to a fine of
$50 with alternative imprisonment as provided by law and
to the payment of the costs, and ordering the annulment of his

inscription as a registered voter. The defendant took an
appeal from this judgment through his attorney, and the rec-
ord is presented here for our consideration and review.

Three errors are assigned by the appellant in regard to
the admission of evidence, and the refusal of the court to
strike certain testimony from the record. It is not necessary
to consider these errors in detail as the decision of this case
turns upon the facts. It appears from the facts of the case
that the defendant has always resided in Manatí and that a
few years ago he became a teacher in the public schools, being
assigned to rural schools in different sections,—first · in
Manatí, then in Barceloneta, and afterwards in Ciales, but
that he lived at home with his mother and sister in a rented
house in the town of Manatí, and that during twelve months
preceding the day of election it was his habit to go to his
schoolhouse on Monday morning and remain in the neighbor-
hood thereof until Friday night, when he would return to
Manatí, passing Friday, Saturday and Sunday nights at home
with his mother and sister, returning to his work again on
Monday morning. He kept his trunk and his clothing at his
home in Manatí, and it was his custom to shave at a barber
shop in that town every Saturday; in fact, it appears that his
domicile had always been at Manatí and that he had never
evidenced any intent or inclination to change it and that he
had not actually done so, unless his employment as a teacher
in an adjoining precinct a few miles away was, *ipso facto,*
such a change of domicile. We do not so regard it. We con-
sider from all the facts in this case that the appellant is a
*bona fide* resident of Manatí, and that merely going into an
adjoining precinct for the purpose of earning his daily bread
while he at the same time maintained his residence with his
mother and sister, whom he supported in a rented house, does
not disturb his status as a resident citizen of the town of
Manatí. Granting that the appellant slept within the precinct
of Ciales on certain nights during the week, this does not jus-
tify the conclusion that he had no fixed sleeping abode, that

being in Manatí. Hence, section 16 of the Act to provide for Registration and Elections approved in 1906 and still in force, prescribing that a single man, without regular sleeping quarters, shall be considered as domiciled at the place where his daily occupations are performed, is not applicable to this case; neither does the fact that he casually remarked that he preferred to vote in Manatí where his vote would be worth more than in Ciales, suffice, viewing all the circumstances surrounding the case, for the drawing of an inference of criminal intent on the part of the acused.

Such being the case, his conviction was improper as was also the striking of his name from the list of electors. The judgment, therefore, which was rendered against this defendant, imposing upon him a fine and erasing his name from the list of electors by the District Court of Arecibo on the sixth day of December, 1912, should be reversed and annulled, and a judgment here entered acquitting him of the charge brought against him and restoring his name to the list of electors.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.